JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:   (310) 870-7048
Facsimile:   (310) 870-7010

Attorneys for Defendants
LIONS GATE FILMS INC., LIONS GATE
ENTERTAINMENT INC. and STARZ
ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ELLIOT,<br><br>                Plaintiff,<br><br>       vs.<br><br>LIONS GATE FILMS INC., LIONS GATE ENTERTAINMENT INC. and STARZ ENTERTAINMENT, LLC,<br><br>                Defendants. | Case No. 2:21-cv-08206-JAK-DFM<br><br>Honorable John A. Kronstadt<br><br>**OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF OPPOSITION TO SPECIAL MOTION TO STRIKE PURSUANT TO C.C.P. § 425.16**<br><br>Date:   May 9, 2022<br>Time:   8:30 a.m.<br>Crtrm:  10B |

Defendants Lions Gate Films Inc., Lions Gate Entertainment Inc. and Starz Entertainment, LLC ("Defendants") object to the Declaration of Marc Elliot and Plaintiff's Exhibit A submitted in support of Plaintiff's Opposition to Defendants' Special Motion to Strike the First Amended Complaint Pursuant to California Code of Civil Procedure section 425.16 ("anti-SLAPP Motion"). Defendants object to and move to strike the Declaration of Marc Elliot and Plaintiff's Exhibit A on the following grounds:

1. Defendants object to the Elliot Declaration and Plaintiff's Exhibit A, in their entirety, on the grounds that they are improperly introduced extrinsic evidence of non-judicially noticeable materials. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1154-56 (9th Cir. 2021). As in *Herring Networks*, the Court here should reject Plaintiff's purported evidence filed in response to Defendant's anti-SLAPP Motion brought under Rule 12(b)(6) motion to dismiss standards. *See id.*

2. Defendants further object to the Elliot Declaration and Plaintiff's Exhibit A, in their entirety, on the grounds that the Declaration fails to adequately authenticate Exhibit A, and Exhibit A, and each of its constituent parts, lacks proper authentication. F.R.E. 901. Defendants also object to Exhibit A because its constituent parts are video clips (that may or may not be edited) that violate the rule of completeness. F.R.E. 106. Defendants object to Exhibit A to the extent that the purported "Original Footage" is edited, and is not, in fact, the best evidence of the purportedly original content. F.R.E. 1002. Defendants further object to the Elliot Declaration and Exhibit A to the extent that Plaintiff purports to rely on it, or any of its constituent parts, for the truth of the matter asserted in violation of the rule against hearsay. F.R.E. 802. Defendants also object to the Elliot Declaration and Plaintiff's Exhibit A as irrelevant to the legal issues raised by Defendants' anti-SLAPP Motion. F.R.E. 401.

3. Finally, Defendants object to Paragraph 3 of the Elliot Declaration on the grounds that the following language calls for a legal conclusion, calls for speculation and is not relevant to the issues raised by Defendants' anti-SLAPP motion: "All the footage in Exhibit A was recorded in private settings not open to the public, and the footage was never distributed or published to the public."

Dated:   March 25, 2022

          /s/ Jean-Paul Jassy
Counsel for Defendants
LIONS GATE FILMS INC.,
LIONS GATE ENTERTAINMENT INC. and STARZ ENTERTAINMENT, LLC